**In the Matter of Kenneth R. WATSON.**

No. 185S26.

Supreme Court of Indiana.

May 14, 1986.

Ronald E. Elberger, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comn.

### DISCIPLINARY ACTION.

PER CURIAM.

The Supreme Court Disciplinary Commission and the Respondent, Kenneth R. Watson, have entered into and submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline.

The Disciplinary Commission has charged the Respondent with neglecting a legal matter entrusted to him and prejudicing and damaging his client during the course of the professional relationship, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(3).

Upon review and in accordance with the agreement of the parties, this Court now finds that the Respondent, Kenneth R. Watson, was admitted to the Bar of the State of Indiana during 1961. In June of 1981, the Respondent was retained by Alice M. Wilson, surviving spouse and Executrix, to administer the estate of Herbert L. Wilson, who had died on June 9, 1981. The Respondent offered the Will for probate on June 16, 1981. The Federal Estate Tax Return for the Wilson Estate was due to be filed on or before March 9, 1982, nine months after the date of death. The Respondent failed to file timely the Estate Tax Return, did not request an extension of time to do so, nor did he advise Wilson that the return had not been filed. The Respondent filed the Estate Tax Return on June 4, 1982 and a Final Account on May 16, 1983. On May 31, 1983, the Court entered an order closing the estate and releasing and discharging the Executrix.

During the period of May, 1983 to December, 1983, the Respondent received several letters from the Internal Revenue Service requesting additional information and documents concerning the Estate Tax Return filed for the Wilson Estate. The Respondent did not provide the information and documents until some time after December, 1983. Thereafter, Wilson was notified by the Internal Revenue Service that a potential Federal Estate Tax liability of $57,000.00 had been assessed on the estate. This was due to the disclosure of additional substantial assets contained in Certificates of Deposit about which Wilson had not been informed and which a good faith, diligent inquiry by the Respondent had failed to disclose. The Respondent was also informed that the assessed penalty for failure to timely file the tax return was approximately $11,500.00. Thereafter, the Respondent paid $12,000.00 to the Estate of Herbert Wilson.

In light of the foregoing and as agreed by the parties, we conclude that the Respondent engaged in misconduct by neglecting a legal matter entrusted to him and by prejudicing and damaging his client. We thus conclude that the agreed discipline, a public reprimand, is appropriate in this case. Accordingly, the Respondent, Kenneth R. Watson, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.